UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Henry Locklear, # 289959, | ) | C/A No. 5:14-2166-TMC-KDW |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Mr. Bryan Stirling; Willie E. Eagleton; Roland McFadden; Ms Annie Sellers; Dr Samuel Soltis; Dr John McRee; Michael McCall; Robert E. Ward; Al Smith; Ms Fox; Doris Jacques; David Tatarsky; Maria Leggins; Janice Phillips; Althea B. Myers; Officer Miles; Nurse McQueen; Nurse Polson; Nurse Stoke; Ms. Hunter; Doctor Hughes; Ms. Jeffcoat; Christina Kellet, Defendants. | ) | |

      This is a civil rights action filed pursuant to 42 U.S.C. § 1983. This court previously directed that the Complaint be served on all Defendants; however, the attempted service upon Defendants Nurse McQueen and Nurse Polson by the United States Marshal's Service was returned unexecuted. ECF Nos. 60, 61.

      According to the notations on the returned Forms USM-285, the Marshals Service's initial attempt to serve both of these two Defendants on October 14, 2014 at the Evans Correctional Institution ("ECI") address that Plaintiff provided on the forms was unsuccessful because "SCDC cannot accept -- contractor." *Id*. Apparently this means that officials at ECI would not accept service for these two nurses because they are not SCDC employees, but are

employees of an undisclosed contractor. Thereafter, on October 29, 2014, the Marshals Service attempted to personally serve Defendants McQueen and Polson at the ECI address, but was then told that there was "No Nurse McQueen" and "No Nurse Polson" at ECI. *Id*. After that unsuccessful attempt at service, the Forms USM-285 were returned to this court and docketed as "unexecuted."

**The providing of sufficient, accurate, and complete information on the Forms USM-285 is the responsibility of Plaintiff**. Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a particular defendant is served within 120 days after the complaint is filed, this court may dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor has uniformly held that dismissal may be entered *unless good cause is shown* if a defendant is not served within 120 days from the date the summons was issued for that particular defendant. *See Robinson v. Clipse*, 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling during initial review); *Vantage, Inc. v. Vantage Travel Serv., Inc.*, No. 6:08-2765-HMH, 2009 WL 735893, at *2-3 (D.S.C. Mar. 20, 2009) (extending the 120-day period within its discretion and finding defendant had been properly served within that extended period). With respect to Defendants McQueen and Polson in this case, September 2, 2014 is the date the summonses were issued. ECF No. 23.

Accordingly, should he desire to attempt service on either Defendants McQueen or Polson or both of them again, Plaintiff is directed to provide updated service forms with corrected service addresses for these Defendants. The new forms should be submitted to the Clerk of Court no later than **November 26, 2014**. Two blank summons forms and two blank Forms USM-285 forms are attached to this Order for Plaintiff's use.

IT IS SO ORDERED.

November 5, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge