UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Henry Locklear, | ) | C/A No. 5:14-cv-02166-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Mr. Bryan Stirling; Willie E. Eagleton; Roland McFadden; Ms. Annie Sellers; Dr. Samuel Soltis; Dr. John McRee; Michael McCall; Robert E. Ward; Al Smith; Ms. Fox; Doris Jacques; David Tatarsky; Maria Leggins; Janice Phillips; Althea B. Myers; Officer Miles; Nurse McQueen; Nurse Polson; Nurse Stoke; Ms. Hunter; Dr. Hughes; Ms. Jeffcoat; and Christina Kellett, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On October 2, 2014, Defendant Althea B. Myers filed a Motion to Dismiss. ECF No. 33. Because Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of such motions and of the need for him to file adequate responses. ECF No. 34. Plaintiff was specifically advised that if he failed to respond adequately, Defendant Myers's Motion may be granted, thereby ending this case against her. Thereafter, the court granted Plaintiff an extension of time to file a response, extending the deadline to November 17, 2014. ECF No. 38.

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order and though Plaintiff was granted additional time to respond, Plaintiff has failed to respond to the Motion. As such, it appears to the court that he does not oppose the

Motion and wishes to abandon this action against Defendant Myers. Based on the foregoing, Plaintiff is directed to advise the court whether he wishes to continue with this case and to file a response to Defendant Myers's Motion to Dismiss by **December 31, 2014**. Plaintiff is further advised that if he fails to respond, the undersigned will recommend dismissing Defendant Myers with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

Additionally, on November 5, 2014, Plaintiff was directed to provide updated service forms with corrected service addresses for Defendants McQueen and Polson, should he desire to attempt service on either of them again. ECF No. 66. The court instructed Plaintiff to submit new forms with the Clerk of Court no later than November 26, 2014. *Id.* Despite this instruction, Plaintiff has failed to submit new service forms to the court. As such, it appears to the court that he does wish to serve either of these named Defendants and wishes to abandon his causes of action against Defendants McQueen and Polson. Based on the foregoing, Plaintiff is directed to advise the court whether he wishes to continue with his case and against Defendants McQueen and Polson and file new service forms with the Clerk of Court by **December 31, 2014**. Plaintiff is further advised that if he fails to provide the required updated service documents, the undersigned will recommend dismissing Defendants McQueen and Polson from this case with prejudice for failure to prosecute.[1] *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

---

[1] Plaintiff is notified that the 120-day period allowed for service of process by Federal Rule of Civil Procedure 4(m) will expire on January 3, 2015, unless extended by court order.

IT IS SO ORDERED.

December 3, 2014                                               Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge