UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Henry Locklear, | ) | C/A No.: 5:14-cv-02166-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| Mr. Bryan Stirling; Willie E. Eagleton; Roland McFadden; Ms. Annie Sellers; Dr. Samuel Soltis; Dr John McRee; Michael McCall; Robert E. Ward; Al Smith; Ms. Fox; Doris Jacques; David Tatarsky; Maria Leggins; Janice Phillips; Althea B. Myers; Officer Miles; Nurse McQueen; Nurse Polson; Nurse Stroke; Ms. Hunter; Dr. Hughes; Ms. Jeffcoat; and Christina Kellett Nurse Owens; Ms. Monroe; Nurse Orange | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On October 2, 2014, Defendant Althea B. Myers filed a Motion to Dismiss. ECF No. 33. As Plaintiff is proceeding pro se, the court entered an order on October 3, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 34. Plaintiff was specifically advised that if he failed to respond adequately, Defendant Myers's Motion may be granted, thereby ending Plaintiff's case against her. The court granted Plaintiff an extension of time to respond to Defendant Myers's Motion and instructed Plaintiff to file a response no later than November 17, 2014. Notwithstanding the specific warning and instructions set forth in the

court's *Roseboro* order and order granting Plaintiff's extension, Plaintiff failed to respond to Defendant Myers's Motion to Dismiss.

On December 3, 2014, the court ordered Plaintiff to advise the court whether he wished to continue with the case and to file a response to the Motion to Dismiss by December 31, 2014. ECF No. 70. Plaintiff filed no response. As such, it appears to the court that he does not oppose Defendant Myers's Motion and wishes to abandon his action against her. Based on the foregoing, the undersigned recommends Plaintiff's action against Defendant Myers be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

Additionally, on November 5, 2014, Plaintiff was directed to provide updated service forms with corrected service addresses for Defendants McQueen and Polson, should he desire to attempt service on either of them again. ECF No. 66. The court instructed Plaintiff to submit new forms with the Clerk of Court no later than November 26, 2014. *Id.* Despite this instruction, Plaintiff failed to submit new service forms to the court. Therefore, in the December 3, 2014 order, the court directed Plaintiff to advise the court by December 31, 2014, whether he wished to continue with his case against Defendants McQueen and Polson and file new service forms with the Clerk of Court. ECF No. 70. Despite this instruction, Plaintiff did not provide the court with new service forms.

As such, it appears to the court that Plaintiff does not wish to serve Defendant McQueen or Defendant Polson and wishes to abandon his action against them. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice against Defendants McQueen and Polson for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

January 7, 2015                                              Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

3