UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Henry Locklear, #289959, | ) | C/A No.: 5:14-cv-02166-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMENDATION |
| Mr. Bryan Stirling, Willie E. Eagleton, Roland McFadden, Ms. Annie Sellers, Dr. Samuel Soltis, Dr. John McRee, Michael McCall, Robert E. Ward, Al Smith, Ms. Fox, Doris Jacques, David Tatarsky, Maria Leggins, Janice Phillips, Officer Miles, Nurse Stoke, Ms. Hunter, Dr. Hughes, Ms. Jeffcoat, Christina Kellett, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On April 2, 2015, Defendants Fox, Hughes, Hunter, Jacques, McRee, Smith, Soltis, and Stoke filed a Motion for Summary Judgment. ECF No. 91. Also on April 2, 2015, Defendants Eagleton, Jeffcoat, Kellett, Leggins, McCall, McFadden, Miles, Phillips, Sellers, Stirling, Tatarsky, and Ward filed a Motion for Summary Judgment. ECF No. 92.[1] As Plaintiff is proceeding pro se, the court entered an order on April 2, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 93. Plaintiff was specifically advised that if he failed to respond adequately by May 7, 2015, Defendants' Motions may be granted, thereby ending Plaintiff's case against them. *Id.* On April 15, 2015, Plaintiff filed a Motion for an extension

---

[1] On January 29, 2015, the action against Defendants Myers, McQueen, and Polson was dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). ECF No. 81.

of time to respond to Defendants' Motions for Summary Judgment, ECF. No. 96, and the court granted Plaintiff's Motion, making the Responses to the Motions due on or before June 8, 2015. ECF No. 97. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order and order granting Plaintiff's extension of time, Plaintiff failed to respond to Defendants' Motions for Summary Judgment.

On June 16, 2015, the court ordered Plaintiff to advise the court whether he wished to continue with the case and to file a response to the Motions for Summary Judgment by July 16, 2015. ECF No. 100. Plaintiff filed no response. As such, it appears to the court that he does not oppose Defendants' Motions and wishes to abandon his action. Based on the foregoing, the undersigned recommends Plaintiff's action be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

July 27, 2015 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

3